# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2022

Lyle W. Cayce
Clerk

No. 20-60548
Summary Calendar

Maria De Los Angeles Chavez Hernandez; Alex Arturo
Nieves Chavez; Brayan Erik Nieves Chavez; Jose Yahir
Nieves Chavez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 098 433
BIA No. A202 098 434
BIA No. A202 098 435
BIA No. A202 098 436

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60548

Petitioner Maria De Los Angeles Chavez Hernandez is a native and citizen of Mexico who petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial by an immigration judge (IJ) of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Three of her children were included as derivatives on her application.

Chavez Hernandez contends that she is entitled to relief based on a showing of past persecution and a fear of future persecution on account of her membership in a particular social group — business owners targeted for extortion by criminals and corrupt police officials. She posits that it is more likely than not that officials would acquiesce in her torture if she were to return to Mexico.

We generally have authority to review only the decision of the BIA, but we will consider the IJ's decision when, as here, it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the BIA's rulings of law de novo and its factual findings for substantial evidence. *Id.* at 594.

Chavez Hernandez complained of two extortion attempts and two threatening phone calls. "[M]ere denigration, harassment, and threats" do not qualify as persecution. *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 & n.4 (5th Cir. 2004). The testimony reveals only that Chavez Hernandez believed the police were corrupt, not that she encountered either actual police corruption or "specially oppressive political or governmental conditions." *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992) (internal quotation marks omitted). Thus, she cannot demonstrate that the government willfully acquiesced in persecution or torture. Furthermore, "extorted business owners" do not constitute a protected group. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). We do not "recognize economic extortion

2

No. 20-60548

as a form of persecution under immigration law." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (quoting *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012)).

Because Chavez Hernandez was not entitled to asylum, she necessarily cannot establish that she was entitled to withholding of removal which requires a higher standard of proof. *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). In addition, an alien seeking relief under the CAT must satisfy a rigorous standard because she must provide proof of torture and not merely persecution. *Id.* at 1139. Because the incidents and threats Chavez Hernandez experienced did not rise to the level of persecution, "[i]t follows *a fortiori* they do not constitute torture." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). The evidence does not compel a conclusion contrary to the BIA's determination. *See Chen*, 470 F.3d at 1134.

Chavez Hernandez's petition for review, therefore, is DENIED.